IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DALE KILLS ENEMY AT NIGHT, | ) | 4:08CV3232 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| WAL-MART STORES, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint on November 20, 2008.  (Filing No. 1.)  Plaintiff
has previously been given leave to proceed in forma pauperis.  (Filing No. 5.)  The
court now conducts an initial review of the Complaint to determine whether summary
dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.    INITIAL REVIEW OF COMPLAINT

### A.    Summary of Complaint

Plaintiff filed his Complaint on November 20, 2008, against one Defendant,
Wal-Mart Stores, Inc.  (Filing No. 1 at CM/ECF p. 1.)  Plaintiff is a Native American
who currently resides in Chadron, Nebraska.  (*Id.* at CM/ECF pp. 1, 7.)

Condensed and summarized, Plaintiff alleges that Defendant discriminated
against him because of his ethnicity.  Specifically, Plaintiff alleges that Defendant's
managers would "watch over" Plaintiff when he unloaded expensive jewelry and
watches, but "never watched over the other non-Indian men . . . ."  (*Id.* at CM/ECF
p. 8.)  Plaintiff also alleges Defendant fabricated documents in order to "falsif[y]"
Plaintiff's "employee file."  (*Id.* at CM/ECF p. 10.)  Management and management
interns made several derogatory comments to Plaintiff regarding Native Americans,

including that "[his] race is a retarded race of people." (*Id.* at CM/ECF p. 1.)  Due to Defendant's actions, Plaintiff felt like he had "no other choice but to resign from Wal-Mart with a two-week notice."  (*Id.*)

## B.    Applicable Legal Standards on Initial Review

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## C.    Discussion of Claims

The court liberally construes Plaintiff's Complaint to allege a claim pursuant to Title VII of the Civil Rights Act of 1964.  Title VII states that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms,

conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

In order to set forth a prima facie case of discrimination under Title VII, a plaintiff must allege that he 1) is a member of a protected class; 2) was meeting the legitimate expectations of her employer; 3) suffered an adverse employment action; and 4) that circumstances exist which give rise to an inference of discrimination. *See Wheeler v. Aventis Pharm., 360 F.3d 853, 857 (8th Cir. 2004).* If a plaintiff establishes a prima facie case, then the burden shifts to the employer to produce evidence of a legitimate nondiscriminatory reason for its action. *St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 509 (1993).* If the employer succeeds in this burden of production, then the burden shifts back to the plaintiff to prove that the employer's proffered reason was a pretext for intentional discrimination. *Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 143 (2000).* The ultimate burden of persuasion remains with the plaintiff throughout the case.

Additionally, prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust his administrative remedies by first seeking relief through the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC"). The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C.A. § 2000e-5(f)(1); *see also Hanenburg v. Principal Mut. Life Ins. Co., 118 F.3d 570 (8th Cir. 1997).* The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C.A. § 2000e-5(f)(1). The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC/NEOC. *Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994).*

Here, Plaintiff alleges he is a Native American and that he received only good evaluations and was being trained for a leadership or manager position at Wal-Mart. (Filing No. 1 at CM/ECF pp. 7, 9.)   Plaintiff alleges he suffered an adverse employment action when Wal-Mart "falsified his employee file." (*Id*. at CM/ECF p. 10.)   Plaintiff also alleges that Wal-Mart's managers supervised him in a discriminatory manner. (*Id*. at CM/ECF p. 8.) Further, Plaintiff alleges he exhausted his administrative remedies by presenting his claims to the NEOC. (*Id*. at CM/ECF p. 5.)   In sum, these allegations are sufficient to "nudge" Plaintiff's Title VII discrimination claim across the line from "conceivable to plausible." However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

## II.    APPOINTMENT OF COUNSEL

In his Complaint, Plaintiff seeks the appointment of counsel. (*Id*. at CM/ECF p. 5.)  However, the court cannot routinely appoint counsel in civil cases.  In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id*. (quotation and citation omitted).  No such benefit is apparent here.  The request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1.    Plaintiff's request for the appointment of counsel (filing no. 1) is denied without prejudice.

2.      Plaintiff's claims against Defendant may proceed and service is now warranted.

3.      To obtain service of process on Defendant, Plaintiff must complete and return the summons form which the Clerk of the court will provide.  The Clerk of the court shall send ONE (1) summons form and ONE (1) USM-285 form to Plaintiff together with a copy of this Memorandum and Order.  Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court.  In the absence of the forms, service of process cannot occur.

4.      Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process.  The Marshal shall serve the summons and Complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.  The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

5.      Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint.  However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

6.      Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

5

7.      The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**April 28, 2009**: Check for completion of service of summons."

8.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  **Plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.**

December 29, 2008.                     BY THE COURT:

                                       s/ Joseph F. Bataillon
                                       Chief United States District Judge

6